IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 4:11-cv-10100-KMM

MARYLAND CASUALTY COMPANY,
a New York corporation,

        Plaintiff,

vs.

SMARTCOP, INC. d/b/a
CONSOLIDATED TECHNOLOGY
SOLUTIONS, a Florida corporation, and
LAZARO GUERERRO, Personal
Representative of the Estate of Melissa
Powers,

        Defendants.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant Lazaro Guerrero's Motion to Dismiss (ECF No. 12). Plaintiff filed a Response (ECF No. 17) and Defendant filed a Reply (ECF No. 23). The Motion is now ripe for review. UPON CONSIDERATION of the Motion, the Response, the Reply, the pertinent portions of the Record, and being otherwise fully advised in the premises, this Court enters the following Order.

## I. BACKGROUND[1]

This Motion arises in the context of an insurance coverage action. Plaintiff seeks a declaration of its obligations as the insurer under a contract issued to Smartcop. Plaintiff is a New York corporation with its principal place of business located in Illinois. Smartcorp is a

---

[1] The facts herein are taken from Plaintiff's Complaint (ECF No. 1); Defendant's Motion to Dismiss; Plaintiff's Response to Defendant's Motion to Dismiss; and Defendant's Reply. All facts are construed in the light most favorable to Plaintiff as the non-movant.

1

Florida corporation with its principal place of business located in Florida. Defendant Guerro, as the Personal Representative of the Estate of Melissa Powers, is a Florida citizen. Defendant Guerrero filed a lawsuit against Smartcop in Florida state court alleging the wrongful death of Melissa Powers, a Monroe County Sheriff's Deputy. Deputy Powers was killed in a motor vehicle accident during the course of her law enforcement duties in Key Largo, Florida. Smartcop was retained by the Monroe County Sheriff's Office to provide software programs to monitor its police vehicles. Defendant Guerrero's state action alleges that Smartcop was negligent in failing to properly maintain or update its software programs which caused the death of Deputy Powers. In the underlying lawsuit, Plaintiff has been defending Smartcop under a complete reservation of rights. Plaintiff's Complaint invokes diversity jurisdiction in order to seek a declaration concerning its rights and obligations to defend and indemnify Smartcop under its insurance policy. Defendant Guerrero now moves to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "But where the well

pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" Id. at 1950. A complaint must also contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). However, "[a] pleading that offers 'a formulaic recitation of elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

## III. ANALYSIS

Plaintiff's Complaint is an action under the Declaratory Judgment Act, 28 U.S.C. § 2201(a).[2] Section 2201 is a grant of jurisdiction only as to those rights and liabilities that are immediate and real, or that are certain to arise. See Nirvana Condo. Assoc., Inc. v. QBE Ins.Corp., 589 F. Supp. 2d 1336, 1343 (S.D. Fla. 2008). To adequately plead a claim for federal court jurisdiction,[3] Plaintiff must satisfy the case and controversy requirement of Article III. U.S. Const., art. III, § 2. To meet this standard, "an 'actual controversy' requires a 'definite and

---

[2] Federal jurisdiction for Plaintiff's declaratory judgment action is based on diversity jurisdiction, and therefore state law applies to any issue not governed by the Constitution or treaties of the United States or Acts of Congress. Mid–Continent Cas. Co. v. Am. Pride Bldg. Co., 601 F.3d 1143, 1148 (11th Cir. 2010) (citing 28 U.S.C. § 1652; Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). Here, the parties both allege that Florida law applies to all substantive issues of law. See Dew Seven, LLC v. Big Lots Stores, Inc., 354 Fed. App'x 415 (11th Cir. 2009) (applying Florida substantive law to diversity action seeking declaratory judgment concerning a contract).

[3] Since, declaratory judgment acts are procedural mechanisms and confer no substantive rights, this Court applies federal law for its determination of the sufficiency of the complaint. See Nirvana Condo. Assoc., Inc., 589 F. Supp. 2d at 1343. The pleading requirements "for declaratory relief are exactly the same as in other civil actions . . . ." Thomas v. Blue Cross & Blue Shield Ass'n, 594 F.3d 823, 830 (11th Cir. 2010). However, as discussed in Nirvana Condo. Assoc., Inc., "the elements required under the federal or [Florida] declaratory judgment acts are not materially different." 589 F. Supp. 2d at 1343.

3

concrete' controversy." Feldkamp v. Long Bay Partners, LLC, No. 09-cv-253-FTM-29SPC, 2010 WL 3610452, at *4 (M.D. Fla. Sept. 14, 2010). "A party seeking a declaratory judgment must allege facts in a complaint from which it appears that there is a substantial likelihood that it will suffer injury in the future that can be remedied or redressed by a favorable judicial decision." Nirvana Condo. Assoc., Inc., 589 F. Supp. 2d at 1343 (citing Nat. Advertising Co. v. City of Ft. Lauderdale, 934 F.2d 283, 285-86 (11th Cir. 1991)).

This Court finds that Plaintiff's Complaint alleges a sufficient injury which can be addressed by a favorable judicial determination. Plaintiff has and continues to suffer an injury by having to defend Smartcop in Defendant's underlying wrongful death action. See Conly Ins. Co. v. Nicholson, No. 10-60042-CIV, 2010 WL 2844802, at *3 (S.D. Fla. 2010) ("[W]hether an insurer has a duty to defend a suit against its insured is generally considered a controversy ripe for declaratory relief, even when the issue of the insurer's actual liability in the underlying suit may not be considered until after a resolution of that suit." (citations omitted)). Additionally, Plaintiff will be injured in the immediate future if it has to indemnify Smartcop for the wrongful death action. This injury can be redressed by a favorable judicial decision because Plaintiff's Complaint seeks a declaration that it has no duty to defend or indemnify Smartcop over the wrongful death action. Compl., at ¶¶ 21-23. If successful, Plaintiff would be able to stop performing under the duty to defend provision of the policy, not be liable for any loss attributed to Smartcop's conduct, and be able to seek its legal expenses thus far incurred from Smartcop in the underlying lawsuit. This Court is satisfied that Plaintiff has adequately pled the requirements for a definite injury that can be redressed by a favorable judicial determination.

Additionally, Plaintiff's Complaint sufficiently alleges that an actual controversy exists. The parties have a bona fide dispute concerning the proper interpretation of the insurance policy

and the conduct giving rise to Smartcop's liability under the wrongful death action. See Feldkamp, 2010 WL 3610452, at *5 (finding a dispute over a contract's interpretation is sufficient for the controversy requirement). Although Plaintiff's Complaint is a single cause of action for declaratory relief, it is organized into separate "counts" based upon different exclusions by which Plaintiff alleges it is absolved from performing under the policy issued to Smartcop. Plf Resp., at 2. In analyzing Plaintiff's Complaint, the Court finds that Plaintiff has adequately pled a bona fide dispute as to the insurance policy's interpretation and its coverage of Smartcop's alleged conduct. See Coregis Ins. Corp. v. McCollum, No. 96-1068-CIV-T-17-B, 955 F. Supp. 120, 123 (M.D. Fla. 1997) (finding an "actual controversy" where "Plaintiff has a right to know whether it is bound under its contract to defend its insured and whether or not it would be liable under the coverage of its policy in the event the state court renders judgment against it").

In its Motion, Defendant ignores the proper legal analysis under a motion to dismiss and asks this Court to determine that the policy's exclusionary provisions are inapplicable to Smartcop's conduct which gives rise to liability under the wrongful death action. For each exclusion, Defendant offers its own interpretation of the policy and Smartcop's conduct in order to convince this Court that Plaintiff has not pled a claim for relief.[4] Although insurance contract

---

[4] For example, Defendant argues that the policy's exclusion for any loss "resulting, directly or indirectly, from the loss of use of a communication satellite" does not preclude coverage. Def. Mot. to Dismiss, at 6. Defendant claims that the exclusion shouldn't apply because the error in Smartcop's system was due to the "upgrade to the GPS system that wasn't working properly." Def. Reply, at 6. Plaintiff counters that to the extent that Defendant's claims are based on the failure of Smartcop's system due to the "loss of use of the GPS, [then] this exclusion should apply." Plf. Resp., at 7. At this stage in the proceeding, this Court believes it is inappropriate to delve into factual analysis of Defendant's underlying wrongful death action. This Court only looks at the pleadings and determines that Plaintiff has adequately pled a claim for declaratory relief.

interpretation is a matter of law,[5] this Court declines Defendant's invitation to interpret the contract at the motion to dismiss stage. At this point, there are significant factual disputes concerning Smartcop's liability for the tragic death of Deputy Powers. These factual disputes preclude the Court's interpretation of the insurance policy. See Conly Ins. Co. v. Nicholson, 2010 WL 2844802, at *3 (stating that when the "actual facts are the subject of dispute within the state court . . . this Court does not believe it is a wise exercise of its discretion to conduct parallel proceedings and risk inconsistent judgments regarding those disputed facts."). This results because it would be inappropriate for this Court to first make a finding as to the conduct resulting in Smartcop's liability before determining whether that conduct is covered under Plaintiff's insurance policy. As another court aptly noted, the determination of insurance coverage is more appropriate for

> the summary judgment stage, after the parties have ferreted out the facts and developed a record, not the motion to dismiss stage, where the Court's hands are tied to accept all the factual allegations in the claim as true and evaluate all inferences derived from those facts in the light most favorable to the non-moving party.

Axis Surplus Ins. Co. v. Superior Mortg. Serv., No. 8:09-cv-1960, 2010 WL 55553, at *2 (M.D. Fla. 2010).[6] Thus, this Court looks only to the pleadings and finds that Plaintiff has adequately pled a claim for relief to survive a motion to dismiss.

---

[5] Under Florida substantive law, the interpretation of provisions of an insurance policy is a question of law. James River Ins. Co. v. Ground Down Eng'g, 540 F.3d 1270, 1274 (11th Cir. 2008).

[6] Similarly, this Court declines at this time to rule on Defendant's contention that the policy is illusory. Defendant continually references TIG Ins. Co. v. Smart Sch. to support its argument that Plaintiff's contract is illusory. 401 F. Supp. 2d 1334 (S.D. Fla. 2005). However, the court in TIG Ins. Co. evaluated a policy's terms on a motion for summary judgment and determined that the contract was not illusory. As discussed, this Court believes that such an analysis is inappropriate at the motion to dismiss stage. Moreover, many of the cases cited by Defendant were decided in the context of a motion for summary judgment, and for this reason, are inapplicable at this stage in the proceeding.

This Court does not express any opinion on the ultimate resolution of this case. See Parr v. Maesbury Homes, Inc., No. 09-cv-1268-ORL-19GJK, 2009 WL 5171770, at *3 (M.D. Fla. Dec. 22, 2009) (stating that "[a] motion to dismiss a complaint for a declaratory judgment is not a motion on the merits" and only determines "whether the plaintiff is entitled to a declaration of rights, not whether it is entitled to a declaration in its favor."). This Court only holds that the allegations in the Complaint are sufficient to state a cause of action for declaratory relief. Once the record has been further developed, the parties may move for summary judgment on these issues.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant Lazaro Guerrero's Motion to Dismiss (ECF No. 12) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 6th day of July, 2012.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record